NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LORRAINE DRISCO,<br><br>        Plaintiff,<br><br>    v.<br><br>CITY OF ELIZABETH, et al.,<br><br>        Defendants. | Civil Action No. 03-297 (JAG)<br><br>OPINION |

**GREENAWAY, JR., U.S.D.J.**

    This matter comes before the Court on the motion for summary judgment by Defendants Union County Prosecutor's Office, Kevin Foley, Blaise Mineo, Thomas Manahan, Regina Caulfield, Ann Luvera, Tracy Diaz, Joseph Koury, John Furda, Donna M. Hansen, Ana Zsak, Dorothy J. Gordimer, Deborah White, William Kolano, and Mary McKinlay (collectively, "Defendants"), pursuant to FED. R. CIV. P. 56. For the reasons set forth below, Defendants' motion will be granted.

**BACKGROUND**

    On March 21, 1998, Plaintiff Lorraine Drisco was arrested for the murder of Miguel Sales. Plaintiff was indicted for murder by the grand jury on August 12, 1998. Subsequent investigation determined that Plaintiff had not murdered Sales, and all charges were dismissed against her on January 26, 2000. On January 22, 2003, Plaintiff filed this suit against Defendants and others; every person or entity sued was a public entity or public employee associated with the criminal prosecution of Plaintiff.

On January 27, 2003, Plaintiff filed an Amended Complaint listing five causes of action: 1) false arrest, pursuant to 42 U.S.C. § 1983; 2) false imprisonment, pursuant to 42 U.S.C. § 1983; 3) wrongful arrest and improper investigation of a crime; 4) malicious prosecution; and 5) abuse of process, pursuant to 42 U.S.C. § 1983.

## LEGAL STANDARD

### I.  Summary Judgment

Summary judgment is appropriate under FED. R. CIV. P. 56(c) when the moving party demonstrates that there is no genuine issue of material fact and the evidence establishes the moving party's entitlement to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (quoting Anderson, 477 U.S. at 255).

"When the moving party has the burden of proof at trial, that party must show affirmatively the absence of a genuine issue of material fact: it must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." In re Bressman, 327 F.3d 229, 238 (3d Cir. 2003) (quoting United States v. Four Parcels of Real Property, 941 F.2d 1428, 1438 (11th Cir.1991)). "[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the

moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325.

Once the moving party has satisfied its initial burden, the party opposing the motion must establish that a genuine issue as to a material fact exists. Jersey Cent. Power & Light Co. v. Lacey Township, 772 F.2d 1103, 1109 (3d Cir. 1985). The party opposing the motion for summary judgment cannot rest on mere allegations and instead must present actual evidence that creates a genuine issue as to a material fact for trial. Anderson, 477 U.S. at 248; Siegel Transfer, Inc. v. Carrier Express, Inc., 54 F.3d 1125, 1130-31 (3d Cir. 1995). "[U]nsupported allegations . . . and pleadings are insufficient to repel summary judgment." Schoch v. First Fid. Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990); see also FED. R. CIV. P. 56(e) (requiring nonmoving party to "set forth specific facts showing that there is a genuine issue for trial"). "A nonmoving party has created a genuine issue of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial." Gleason v. Norwest Mortg., Inc., 243 F.3d 130, 138 (3d Cir. 2001).

If the nonmoving party has failed "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, . . . there can be 'no genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Katz v. Aetna Cas. & Sur. Co., 972 F.2d 53, 55 (3d Cir. 1992) (quoting Celotex, 477 U.S. at 322-23).

**DISCUSSION**

I.  **Defendants' Motion for Summary Judgment**

    A.  <u>Plaintiff's claims are time-barred</u>

"The statute of limitations for a § 1983 claim is generally the applicable state-law period for personal-injury torts." <u>City of Rancho Palos Verdes v. Abrams</u>, 544 U.S. 113, 124 (2005). In this case, New Jersey's two-year statute of limitations for personal injuries would apply. N.J. Stat. Ann. § 2A:14-2; <u>Cito v. Bridgewater Township Police Dep't</u>, 892 F.2d 23, 25 (3d Cir. 1989). False arrest and false imprisonment claims accrue at the time of arrest. <u>Montgomery v. De Simone</u>, 159 F.3d 120, 126 (3d Cir. 1998). Plaintiff was arrested "on or about March 21, 1998." (Am. Compl. ¶ 19.) When Plaintiff filed her Complaint on January 22, 2003, the two-year statute of limitations had run. Her first cause of action for false arrest, pursuant to § 1983, and her second cause of action, for false imprisonment, pursuant to § 1983, are barred by the statute of limitations.

The Third Circuit has applied the same principles to § 1983 claims for abuse of process. <u>Wilson v. Healy</u>, 63 Fed. Appx. 613, 615 (3d Cir. 2003); <u>McDowell v. Delaware State Police</u>, 88 F.3d 188, 190 (3d Cir. 1996). Plaintiff's fifth cause of action for abuse of process, pursuant to § 1983, is also barred by the statute of limitations.

Plaintiff also alleges causes of action under state law for wrongful arrest, improper investigation of a crime, and malicious prosecution. Defendants are all either public entities or public employees within the meaning of the New Jersey Tort Claims Act ("NJTCA"). N.J. Stat. Ann. § 59:1-3. Any action brought against any of these Defendants under state law must be brought in accordance with the NJTCA. N.J. Stat. Ann. § 59:8-3. The NJTCA sets a time limit

of two years for filing suit.  N.J. Stat. Ann. § 59:8-8(b).

The analysis for wrongful arrest does not differ from the false arrest analysis stated above, and so that claim is time-barred.  The time frame for the alleged improper investigation is unclear, but, in any event, the cause of action must have accrued by the time the charges against Plaintiff were dismissed on January 26, 2000.  Because more than two years elapsed between the latest possible time of accrual of the improper investigation claim and the date of filing that claim is time-barred.  Lastly, the malicious prosecution claim accrued on the date of dismissal of the charges against Plaintiff.  Rose v. Bartle, 871 F.2d 331, 348 (3d Cir. 1989).  Because more than two years elapsed between the time of accrual of the malicious prosecution claim and the date of filing that claim is time-barred.

This Court's determination that every claim in the Amended Complaint is time-barred is applicable to every Defendant named in the Amended Complaint, even those who did not join in the instant motion.  The Court may dismiss a complaint, sua sponte, pursuant to FED. R. CIV. P. 12(b)(6), when it states no valid claim for relief, as long as the Plaintiff has been given the opportunity to address the issue.  Roman v. Jeffes, 904 F.2d 192, 196 (3d Cir. 1990).  Plaintiff has had the opportunity to address the issue of the time bar and did so in her brief in opposition to the instant motion.  Because every claim in the Amended Complaint is time-barred, this Court, sua sponte, dismisses the Amended Complaint, with prejudice, as to every Defendant who did not join in the instant motion.

## **CONCLUSION**

For the reasons stated above, this Court finds that every cause of action in the Amended Complaint is time-barred.  Defendant has demonstrated that "there is no genuine issue as to any

material fact and that [it] is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). Defendants' motion for summary judgment is granted in its entirety. This Court, sua sponte, dismisses the Amended Complaint, with prejudice, as to every Defendant who did not join in the instant motion.

    S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.

Dated: May 25, 2006